UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BUTLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VANESSA HEIDT, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:18-cv-00344-MMD-CBC<br><br>ORDER |

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On May 8, 2019, the Court issued an order dismissing the amended complaint with leave to amend and directed Plaintiff to file a second amended complaint within 30 days. (ECF No. 11 at 6.) The 30-day period has now expired, and Plaintiff has not filed a second amended complaint or otherwise responded to the Court's order. The Court will therefore dismiss the case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation, and the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors weighing in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey that court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file a second amended complaint within 30 days expressly stated: "It is further ordered that if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action will be dismissed without prejudice." (ECF No. 11 at 6.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file a second amended complaint within 30 days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a second amended complaint in compliance with this Court's May 8, 2019 order.

///

It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 9) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 25th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE